UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| U.S. Bank National Association,<br>    *Plaintiff*,<br><br>v.<br><br>Horus Durjaya Bey, et al.,<br>    *Defendants*. | Civil No. 3:10cv549 (JBA)<br><br><br><br>March 28, 2011 |
|---|---|

RULING ON MOTION FOR REMAND

Defendant Horus Durjaya Bey removed this foreclosure action from Connecticut Superior Court on April 12, 2010, claiming federal question and diversity of citizenship jurisdiction. Plaintiff U.S. Bank National Association as Trustee of the Lehman Brothers Small Balance Commercial Mortgage Pass–Through Certificates 2007–2 ("U.S. Bank") moves [Doc. # 7] to remand on the grounds that removal is barred by 28 U.S.C. § 1441(b) and for reasonable costs and attorneys fees incurred in filing the Motion to Remand. For the reasons discussed below, Plaintiff's Motion for Remand will be granted, but the request for costs and fees will be denied.

I.    Factual Allegations and Procedural Background

U.S. Bank filed its Complaint in Connecticut Superior Court on March 25, 2010 against 230 Windsor Avenue Associates, LLC ("230 Windsor"); 11 Wilson Avenue Associates, LLC ("11 Wilson"); Craig Francis; Horus Durjaya Bey; HDB Associates Trust; and the United States. (Compl., Ex. C to Notice of Removal [Doc. # 1] ¶¶ 1–7.) Plaintiff alleged that Francis and Bey were the same person, Francis having changed his name to Horus Durjaya Bey, or otherwise using that name as an alias, and that Francis/Bey resided at 82 Allen Street in Windsor, Connecticut. (*Id.* ¶¶ 4–5, 8.) Plaintiff further alleged that 230

Windsor and 11 Wilson shared the 82 Allen Street address as their business address and that Bey formed HDB as a trust under Connecticut law and serves as trustee. (*Id.* ¶¶ 2–3, 6.)

According to the allegations in Plaintiff's Complaint, Francis and 230 Windsor secured a $262,500 loan from Greenpoint Mortgage Funding, Inc. by mortgaging properties at 230 Windsor Avenue and 11 Wilson Avenue in Windsor, Connecticut on December 8, 2006. (*Id.* ¶¶ 9–12.) On December 29, 2006, 230 Windsor conveyed the 11 Wilson Avenue property to 11 Wilson via recorded quit claim deed. (*Id.* ¶ 13.) On January 16, 2010, Francis, as 230 Windsor, executed a warranty deed conveying to Bey property located at "Location N41.808797, W–72.658467," and, as 11 Wilson, executed a warranty deed conveying to Bey property located at "Location N41.8087198, W–72.6584078." (*Id.* ¶¶ 14–15.) On January 23, 2010, Francis and 230 Windsor also executed a quit claim deed conveying to Bey property "located on the Creator's earth @ 41.808797, W72.658467." (*Id.* ¶ 16.) Bey, on March 7, 2010, executed warranty deeds conveying to HDB the 230 Windsor Avenue and 11 Wilson Avenue properties. (*Id.* ¶¶ 17–18.)

Plaintiff further alleged that it is the owner of the Note, Mortgage, and Assignment of Rents encumbering these two properties and that Windsor and Francis, as borrowers under the agreement with Greenpoint, are in default under the terms of the Note and Mortgage and have failed to pay the amount due pursuant to the acceleration clause in the agreement with Greenpoint. (*Id.* ¶¶ 19–22.) In its Complaint, Plaintiff seeks foreclosure of the mortgage and the encumbrances on the 230 Windsor Avenue and 11 Wilson Avenue properties and possession of the premises. (*Id.* ¶¶ 24–27.)

On April 12, 2010, Bey filed a Notice of Removal with this Court claiming that he is "a non–resident of the STATE OF CONNECTICUT and is no longer referred to as Craig

Francis," and pursuant to his religious conversion to the Moorish American religion is part of a government "which is <u>foreign</u> to the UNITED STATES and the STATE OF CONNECTICUT." (Notice at 1–2 (emphasis in original).) Bey claims as a basis for removal "[t]he [r]ight to Due Process as protected by the 5th Amendment of the U.S. Constitution," federal question jurisdiction, diversity of citizenship jurisdiction, that the State of Connecticut and its Superior Court lack jurisdiction authority to determine issues of federal law or jurisdiction over HDB because it is an "Ecclesiastic Unincorporated Association . . . foreign to the STATE OF CONNECTICUT," and that 230 Windsor and 11 Wilson have been dissolved. (*Id.* at 4–5.)

II. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." Where federal jurisdiction is based on diversity of citizenship, however, the case may not be removed if a defendant is a citizen of the state where the case was filed:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). The right to remove on diversity grounds must "be invoked in strict conformity with statutory requirements" and federal courts should "construe the removal

3

statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 274 (2d Cir. 1994).

"[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.2d 298, 301 (2d Cir. 1994). "When a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)), abrogated on other grounds by *Hertz Corp. v. Field*, 130 S. Ct. 1181, 1191–92 (2010); *see also Centermark*, 30 F.2d at 301 ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.").

III. Discussion

    A. Diversity of Citizenship

Bey claims diversity of citizenship as a basis for removal in his Notice of Removal, alleging that as a "Moorish National" he is part of "a government separate and foreign to the UNITED STATES and the STATE OF CONNECTICUT." (Notice at 4.) Plaintiff argues that Bey cites no authority for the conclusion that he is no longer a resident of Connecticut and does not dispute that he resides at 82 Allen Street in Windsor, Connecticut, and that removal is accordingly barred by 28 U.S.C. § 1441(b) due to a lack of diversity of citizenship. Bey responds that he "is not a 'resident' and does not have an address as he is a Natural Man and not a corporate citizen and there is no evidence to the contrary"; that he "uses a

4

temporary mailing location and specifically denies that he is a 'resident' or 'resides' anywhere"; that HDB is not incorporated in Connecticut; that the United States, as a defendant, is foreign to the jurisdiction of Connecticut; and that the suit of the fictitious entity "CRAIG C. FRANCIS" creates diversity. (Obj. [Doc. # 9] at 2–5.)

Although Bey is entitled to conceptualize his residence, or lack thereof, as he sees fit, and is generally guaranteed by the First Amendment to the U.S. Constitution the right to embrace the religious beliefs of his choosing, in order to avail himself of this Court's jurisdiction he has the burden to demonstrate that under the meaning of "citizen" as interpreted pursuant 28 U.S.C. §§ 1332(a) and 1441(b) he is not a citizen of Connecticut. He has failed to make such a showing. In order to show that removal is proper, Bey, in accordance with 28 U.S.C. § 1441(b), must show that he is not a citizen of Connecticut by "competent proof." *See Centermark*, 30 F.3d at 301; *R.G. Barry*, 612 F.2d at 655. He must demonstrate that his domicile, the place where he has "his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning," is in a location other than Connecticut. *See Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *see also Coury v. Prot*, 85 F.3d 244, 252 (5th Cir. 1996) (applying the same domicile–based citizenship determination for diversity purposes to the bar under § 1441(b) on removal to federal court if a defendant is a citizen of the state in which the action was filed); *Jacobson v. Malaxa*, 113 F. Supp. 111, 111 (S.D.N.Y. 1953) (finding that the 1948 revision to § 1441(b) allowing removal by non–citizens rather than non–residents "substitut[ed] the concept of domicile for that of mere residence").

Bey claims that "he is no longer referred to as Craig Francis" (Notice at 2), and having embraced his "Indigenous Aboriginal Moorish American" status, he does not have a contract with Connecticut, is part of a religious government that is foreign to Connecticut, and as a natural man does not "reside" anywhere (Obj. at 2). He adduces no evidence that he is domiciled in a state other than Connecticut and does not even claim that he has a fixed home outside the geographic limitations of Connecticut, only that he does not "reside" anywhere and is a member of a religious organization that does not recognize Connecticut's power of governance. Bey's religious convictions do not constitute competent proof of "domicile" within the meaning of citizenship. Bey declares that he "does not need any authority or permission from anyone except knowledge of self and heritage to declare who he is." (Obj. at 9.) This credo does not meet Bey's burden under 28 U.S.C. § 1441(b) to show proper removal of this case on the basis of diversity of citizenship.

B.   Federal Question

Bey also invokes federal question jurisdiction as a basis for removal, arguing in his Notice of Removal that this case implicates his right to Due Process under the Fifth Amendment (Notice at 4), and adding in his Objection to the Motion to Remand "that all [m]ortgages are governed by Federal Laws which are the ingredients of the original case" (Obj. at 5–6). Plaintiff argues that Bey fails to meet his burden and does not provide any factual support "for the contentions that removal is warranted under the Due Process clause of the 5th Amendment . . . [or] the federal question doctrine." (Mem. Supp. at 6–7.)

Where removal is premised on a federal question, "[t]he presence or absence of federal–question jurisdiction is governed by the 'well–pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face

6

of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citations omitted). "[A] case may not be removed to federal court on the basis of a federal defense." *Id.* (citations omitted). Plaintiff's Complaint reveals an action for foreclosure of mortgage and deficiency relying exclusively on Connecticut law. (*See* Compl.) Bey's invocation of his Due Process rights and unsupported argument that all mortgages are governed by federal law notwithstanding, the Complaint itself presents no federal question on its face. To the extent that Bey wishes to invoke a federal statutory defense to this foreclosure action, any such defense is not a proper basis for removal. *See Rivet*, 522 U.S. at 475. Bey has accordingly failed to meet his burden to show federal question jurisdiction as a basis for removal.

    C.    Fees and Costs

Plaintiff seeks its costs and attorneys' fees incurred in connection with its Motion for Remand. As part of an order remanding the case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Under this provision, district courts have "a great deal of discretion and flexibility . . . in fashioning awards of costs and fees." *Morgan Guaranty Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Although Bey may have lacked an objectively reasonable legal basis for seeking removal, and an award of costs and fees under Section 1447(c) might be justified, in light of Bey's *pro se* status it is not warranted. *See, e.g., Bleiberg v. Altvater*, No. 01 Civ. 11507(HB), 2002 WL 1339097 (S.D.N.Y. June 19, 2002) (denying request for attorney fees and costs "perhaps only in light of the defendant's *pro se* status" where defendant's removal of a state matrimonial action more than eight years after he was served with the initial pleadings was clearly untimely under 28 U.S.C. § 1446(b)); *Weatherall v. Weatherall*, 83 F. Supp. 2d 1003, 1005 (E.D. Wis. 1999) ("I believe that the plaintiff is entitled to an award of the reasonable costs that he incurred as a result of the removal. However, taking into account [the defendant's] pro se status, I do not believe an award of attorney's fees is warranted."). Notably, in moving for fees and costs, Plaintiff relies on *Mitchell v. Street*, in which the Eastern District of Pennsylvania observed that a fee award was "particularly appropriate where the lack of jurisdiction is plain in the law and would have been revealed *to counsel* for the defendant with a minimum of research." 310 F. Supp. 2d 724, 727 (E.D. Pa. 2004) (emphasis added) (citations and internal quotation marks omitted). As Bey is proceeding without the benefit of counsel in this case and has not been shown to have been actually motivated by an intent to delay foreclosure as opposed to misguided reasoning and analysis of applicable law, attorneys fees and costs will not be awarded under these circumstances.

IV.  Conclusion

For the reasons stated above, Plaintiff's Motion [Doc. # 7] for Remand is GRANTED and Plaintiff's Motion for Costs and Expenses is DENIED.  The Clerk of the Court is hereby directed to remand this case to Connecticut Superior Court for the Judicial District of Hartford.

IT IS SO ORDERED.

___/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of March, 2011.